

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

May 15, 1947

Hon. Ray Lackey
County Auditor
Yoakum County
Plains, Texas

Opinion No. V-200

Re: Construction of Sec.
la of Article 2350, V.
C.S.

Dear Sir:

Your letter requesting an opinion of this Department on the above subject matter is as follows:

"I would like an opinion from your office on Article 2350, Sec. la., as to who is entitled to receive the compensation and would the clerk of the court be included in this law."

House Bill No. 84, Ch. 204, Acts 49th Legislature, 1945, p. 280, provides as follows:

"Section 1. That Article 2350, Title 44 of the Revised Civil Statutes of the State of Texas, 1925, as amended by Acts of the Thirty-ninth Legislature, Regular Session, Chapter 135, Section 1; and as amended by Acts of the Fortieth Legislature, page 435, Chapter 290, Section 1; and as amended by the Acts of the Fortieth Legislature, First Called Session, page 138, Chapter 46, Section 1; and as amended by Acts of the Forty-third Legislature, Regular Session, Chapter 216; and as amended by Acts of the Forty-third Legislature, First Called Session, Chapter 83, page 220; and as amended by Acts, Forty-fourth Legislature, Regular Session, Chapter 362; be and the same is hereby amended so as to hereafter read as follows:

"'Article 2350.

"'In counties having the following assessed valuations, respectively, as shown

by the total assessed valuations of all
properties certified by the county asses-
sor and approved by the Commissioners
Court, for county purposes, for the pre-
vious year, from time to time, the County
Commissioners of such counties shall each
receive annual salaries not to exceed the
amounts herein specified, said salaries
to be paid in equal monthly instalments,
at least one-half (½), and not exceeding
three-fourths (3/4), out of the Road and
Bridge Fund, and the remainder out of the
General Fund of the county; said assessed
valuations and salaries applicable there-
to being as follows:. . .

"'In counties having an assessed val-
uation of less than Three Million, Five
Hundred Thousand Dollars ($3,500,000) each
Commissioner shall receive Five Dollars
($5) per day for each day served as Com-
missioner, and a like amount when acting
as ex-officio road superintendent in his
Commissioner's precinct, providing in no
event shall his total compensation exceed
Twelve Hundred Dollars ($1200) in any one
year.  Provided further, however, that in
counties having National Forest Preserves
and with less than Four Million, Five
Hundred Thousand Dollars ($4,500,000) val-
uation that the salaries of said Commis-
sioners shall not exceed Eighteen Hundred
Dollars ($1800) per year.'

"'Section 1a.  <u>The Commissioners
Court in each county is hereby authorized
to pay the actual traveling expenses in-
curred while traveling outside of the
county on official county business never
to exceed Three Hundred Dollars ($300) in
any one year for each said official.</u>'

"Sec. 2.  The salary of each County
Commissioner and each County Judge may be
paid wholly out of the County General Fund
or, at the option of the Commissioners
Court, may be paid out of the County Gen-

eral Fund and out of the Road and Bridge
Fund in the following proportions:   County
Judge not to exceed seventy-five per cent
(75%) of such salaries may be paid out of
the Road and Bridge Fund, and the remain-
der out of the General Fund of the County,
and each County Commissioner's salary may,
at the discretion of the Commissioners
Court, all be paid out of the Road and
Bridge Fund; provided this section shall
not apply except in counties where the
constitutional limit of twenty-five cents
(25¢) on the one Hundred Dollar ($100)
valuation is levied for general purposes.

"Sec. 3.  The Commissioners Court at
its first regular meeting after the effec-
tive date of this Act and thereafter at
the first regular meeting of each year
shall, by order duly made and entered up-
on the minutes of same Court, fix the
salaries of the County Commissioners for
such year, within the limits as provided
for in this Act.

"Sec. 4.  That all general laws, or
parts of general laws in conflict with
the foregoing Act, be, and the same are
hereby, expressly repealed.

"Sec. 5.  If any section, clause,
sentence, or other part of this Act shall
for any reason be declared unconstitution-
al that shall not affect in any way the
constitutionality of the remaining provi-
sions hereof.

"Sec. 6.  The fact that the present
emergency has increased the cost of living
and made it more difficult for counties to
find men of competent ability to serve
them has created an emergency and an im-
perative public necessity that the Consti-
tutional Rule requiring that bills be read
on three several days in each House be
suspended, and said Rule is hereby sus-
pended, and this Act shall take effect and

be in force from and after its passage, and
it is so enacted." (Underscoring ours)

We quote the following from our Opinion No.
0-6816:

"Therefore, in answer to your seventh
question, it is the opinion of this Depart-
ment that each commissioner is entitled to
Twenty-five ($25.00) Dollars traveling ex-
pense in the county for each month, pro-
vided, of course, that such traveling ex-
pense is necessary and actually expended by
such commissioner during said month while
he is on official business in the county.
Moreover, the Commissioners are entitled to
traveling expenses incurred while traveling
outside the county on county business never
to exceed Three Hundred ($300.00) Dollars
in any one year as provided by H.B. 84,
supra." (Underscoring ours)

It was further held in our Opinion No. 0-6604:

"We believe that by the use of the
words 'actual expenses incurred while
traveling outside of the county on offi-
cial business', the Legislature meant only
the actual and necessary expenses so in-
curred. Gasoline and oil, if a car is
used, or bus or train fare and meals and
lodging, would seem to come within this
category. We are enclosing a copy of our
Opinion No. 0-5598 in regard to certain
traveling expenses of County Commissioners
incurred within a county, which defines in
general terms the type of traveling ex-
penses allowed. The law does not author-
ize mileage to be charged for such travel-
ing. Neither does it authorize any trav-
eling expenses of the County Commissioners
incurred on business without the county,
regardless of the nature of the county
business, to be paid from any fund other
than the General Fund of the county."

It will be noted from the foregoing that Sec-
tion 1a of Article 2350, above quoted, provided that

"the Commissioners' Court is authorized to pay the actual traveling expenses incurred while traveling outside of the county on official business never to exceed $300.00 in any one year _for each said official_." The phrase "for each said official" refers to those officials mentioned in the preceding paragraph. The only officials named in the preceding paragraph are the county commissioners and, therefore, it is the opinion of this Department that only county commissioners are entitled to traveling expenses provided for in Art. 2350, Sec. 1a. It is further our opinion that the clerk of the Commissioners' Court is not entitled to traveling expenses under said Act.

SUMMARY

County Commissioners are entitled to the actual and necessary traveling expenses incurred while traveling outside the county on official county business, never to exceed $300.00 by virtue of the provisions of Sec. 1a, Art. 2350, V.C.S., for any one year for said official; but the county clerk is not entitled to traveling expenses under Sec. 1a, Art. 2350, V.C.S.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By John Reeves
John Reeves
Assistant

JR:djm:erc

APPROVED MAY 15, 1947

ATTORNEY GENERAL